INHABITANTS OF MONSON *versus* INHABITANTS OF FAIRFIELD.

The former settlement of a pauper is defeated by his gaining a new one.

And, where a pauper gained a new settlement by dwelling and having his home in an unincorporated place, at the time when it was incorporated into a town, the repeal of such act of incorporation does not revive his former settlement.

ON FACTS AGREED.

ASSUMPSIT for supplies furnished a pauper whose settlement was alleged to be in the defendant town.

The only question was that of settlement.

The facts appear in the opinion.

*H. Hudson*, for the plaintiffs.

1st. Isaac Bodfish, the pauper, had a legal settlement in Fairfield, and therefore defendants are chargeable, unless they can show he has a legal settlement elsewhere, and at the time of plaintiffs' furnishing the supplies.

2d. It was the duty of the overseers of the poor of Monson to furnish the supplies to said pauper, and they were bound so to do, whether he strayed into their town or there lived in his father's family. R. S., c. 24, § § 22, 23 & 24.

3d. Defendants attempt to avoid their obligation by showing that said Isaac Bodfish had gained a settlement in Elliottsville. Such attempt is not sufficient to defeat this suit, and is not admissible for that purpose, because, by the repeal of the act of incorporation, it left all persons in just the same condition that they were before the plantation was incorporated into the town of Elliottsville.

4th. Plaintiffs funished the supplies from August, 1865, to April, 1866. And was there any other town liable but Fairfield? There was no such town as Elliottsville. And, as a citizen of Maine, as this pauper was, he must have a legal settlement in some town. That town was Fairfield.

5th. The facts proved show that Isaac Bodfish had a legal settlement in defendant town, and, before they can relieve themselves, they must show that there is another town lia-

ble to pay for the supplies and that the plaintiffs could and ought to recover of said town. Have they shown it? Is there any such town?

6th. What becomes of residents of a town when the act of incorporation is taken away from them, if the defendants are to prevail? There is no provision made for them, even by a forced construction of the law. You make aliens of citizens of Maine, so far as relief as paupers is concerned. There is no town or individual then can extend to them relief, when needed, and get repaid.

7th. This pauper was a citizen of Maine, born in Fairfield, and his father before him. And, at the time of the plaintiffs' furnishing relief, was a resident of a plantation. Therefore some town should and ought to be responsible for the supplies. It was not the plaintiff town, for he never resided there.

8th. In order for defendants to avail themselves of the last part of section 2d of c. 24 of R. S.; they must show that the pauper gained and retains a legal settlement in some other than the defendant town. When they attempt to show that the pauper gained a settlement in Elliottsville, they at the same time show that that settlement is null and void, by the repeal of said charter. And the supplies being furnished after the repeal, plaintiffs must recover.

*D. D. Stewart*, for the defendants.

APPLETON, C. J.— This is an action of assumpsit for supplies furnished one Isaac Bodfish.

Samuel G. Bodfish, the father of the pauper, was born in Fairfield and resided there, with the exception of three years, until 1827, when he removed with his family to township No. 8, Range 9, north of the Waldo Patent, where he continued to remain with them until within the last two years.

Township No. 8, Range 9, north of the Waldo Patent, was incorporated into the town of Elliottsville, in February, 1835. In 1858, the Act, by force of which it was incorporated, was repealed.

Inhabitants of Monson *v.* Inhabitants of Fairfield.

The pauper was born in Fairfield, in 1811, and has lived in his father's family until within the last two years.

It is conceded that, prior to 1827, Samuel G. Bodfish, the father of the pauper, had his legal settlement in the defendant town.

The fifth mode of gaining a legal settlement under the Act of March 21, 1821, c. 122, § 2, then in force, is as follows : — "All persons dwelling and having their homes in any unincorporated place, at the time when the same shall be incorporated into a town, shall thereby gain a legal settlement therein." By the Act incorporating Elliottsville, Samuel G. Bodfish and his family, of which the pauper was a member, acquired a settlement therein.

By the same section, "every legal settlement, when gained, shall continue till lost or defeated by gaining a new one ; and, upon gaining such new settlement, all former settlements shall be defeated and lost." The moment a settlement was gained in Elliottsville, the settlement in Fairfield was "defeated and lost." The pauper could then only acquire a new settlement there as he could in any other town. No provision is made for the revival of a lost settlement. The obligations of towns to support paupers are wholly the result of statutory provisions. The original settlement of the pauper in the defendant town, having been "defeated and lost," he has not regained it in any of the modes provided by the statute, and it could not be regained in any other way.

The provision to which we have above referred is found in the last revision. R. S., 1857, c. 24, § 2 : — "Settlements acquired under existing laws, remain until new ones are acquired. Former settlements are defeated by the acquisition of new ones."

It is for the Legislature to make provision for a case like the present. It is not for the Court to legislate.

*Plaintiff nonsuit.*

CUTTING, KENT, DICKERSON and DANFORTH, JJ., concurred.